831 F.2d 298
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry VAN DIVER, Plaintiff-Appellant,
v.
Perry JOHNSON, Individually and as Director of Michigan
Department of Corrections; Robert Brown, Jr., Individually
and as Assistant Director, Charles E. Anderson, Individually
and as Warden of State Prison of Southern Michigan, and
Duane J. Sholes, Individually and as Deputy Warden of State
Prison of Southern Michigan, Defendants-Appellees.
 No. 85-1167.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1987.
 
 Before BOYCE F. MARTIN, NATHANIEL R. JONES and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jerry Van Diver appeals the decision of the district court which rejected his numerous objections to the judgment dismissing his civil rights suit filed under 42 U.S.C. Sec. 1983. The relevant facts may be briefly summarized.
 
 
 2
 Van Diver filed three civil rights actions pursuant to Sec. 1983 which were subsequently consolidated for trial by jury in front of a magistrate. The actions involved seven separate claims, two of which were dismissed voluntarily by the plaintiff at the time of trial. The magistrate granted Van Diver's motion for a directed verdict on three of the claims, and the final two were decided by the jury in favor of the defendants. After the filing of the magistrate's report and recommendation, Van Diver filed a motion for a new trial. The magistrate filed a second report and recommendation recommending that the motion for a new trial be denied.
 
 
 3
 Van Diver filed numerous objections to both reports and recommendations submitted by the magistrate. On January 29, 1985, the district court reviewed Van Diver's many objections and found them to have no merit.
 
 
 4
 We have reviewed and considered the numerous objections raised by Van Diver and also find them to be without merit. Van Diver's principal argument is that he was prejudiced by the magistrate requiring him to testify when he was not ready and by the magistrate's conducting direct and re-direct examination of him and his witnesses. As was noted by the district court, however, this was done by the magistrate in order to help him make his case. The only objection made at the time was by defendants' counsel who thought the jury might get the impression that the magistrate was taking Van Diver's side. The policy and concerns implicated by a trial judge taking an active role in a trial are not in any way evident here. See United States v. Ball, 428 F.2d 26, 30 (6th Cir.1970).
 
 
 5
 Having reviewed the record and Van Diver's objections to the proceedings below, we are unable to find any merit to Van Diver's objections. Thus, we affirm the judgment of the district court.